```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 2/22/10
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------x
:
BRADLEY SIGAL, YDANIS RODRIGUEZ, :
and DAVID SUKER, :
: 98 Civ. 3940 (TPG)
:
              Plaintiffs, :
:
    - against -      :            **OPINION**
:
:
YOLANDA MOSES, :
:
              Defendant. :
------------------------------x

    Plaintiffs Bradley Sigal, Ydanis Rodriguez, and David Suker, three former graduate students of the City College of New York ("City College"), brought this action against ten defendants, including the former President of City College Yolanda Moses, seeking damages, as well as injunctive and declaratory relief, for alleged violations of plaintiffs' constitutional rights.

    Presently before the court is plaintiffs' motion for an award of attorney's fees and costs pursuant to 42 U.S.C. § 1988. Plaintiffs' motion is granted to the extent set forth below.

### The Proceedings

    Plaintiffs commenced this action on June 3, 1998. On August 2, 1999, plaintiffs filed an amended complaint that asserted three causes of action. First, plaintiffs alleged that the installation of a hidden

surveillance camera on the City College campus violated plaintiffs' rights under the First, Fourth, Fifth, Ninth, and Fourteenth Amendments ("surveillance claim").  Second, plaintiffs charged that some defendants failed to properly supervise and train the security personnel working at City College who had conducted the surveillance described in the first claim ("training claim").  Third, plaintiffs alleged that the decision by President Moses to nullify the results of a student election in response to the content of a student newspaper violated plaintiffs' rights under the First and Fourteenth Amendments ("newspaper claim").  This third cause of action also included an allegation that President Moses had nullified the student election in retaliation for plaintiffs commencing this lawsuit and plaintiffs' political activism.

On March 31, 2004, the court granted summary judgment for defendants on plaintiffs' newspaper claim.  However, following a motion for reconsideration, the court reinstated this claim.  On November 5, 2007, following an evidentiary hearing, the court granted summary judgment for defendants on plaintiffs' surveillance and training claims.  The surviving newspaper claim was solely against defendant Moses.

A bench trial was later held from October 27 to October 29, 2008 on the newspaper claim.  On November 21, 2008, the court issued an opinion dismissing the retaliation allegation, but otherwise finding for plaintiffs on the newspaper claim.  The court awarded plaintiff Sigal $337

2

and nominal damages for plaintiffs Rodriguez and Suker. The court also stated that it would entertain an application for attorney's fees and costs.

On April 3, 2009, plaintiffs moved for an award of attorney's fees and costs. Specifically, plaintiffs seek $125,872.50 for work performed during the litigation, and $52,685.50 for work in preparing the instant fee application. Plaintiffs apply for an award of costs in the amount of $3,449.44. Defendant Moses contends that plaintiffs' requests are excessive and proposes $18,577.87 for work performed during the litigation and $14,000 for work preparing the fee application. Defendant agrees with the $3,449.44 figure for costs.

### Facts

Plaintiffs' counsel is seeking to charge $300 per hour for the period July 11, 1999 to May 31, 2002, and $350 per hour for the period June 1, 2002 forward. Defendant does not challenge these hourly rates.

Plaintiffs seek an award of fees and costs to cover the period July 11, 1999 through December 2008. Plaintiffs' attorney states that he worked a total of 593.5 hours on the case during that time. He states that he worked 40.8 hours from July 11, 1999 until May 31, 2002, during which time his hourly rate was $300. He states that he worked 468.7 hours during the period June 1, 2002 until November 5, 2007, during which time his hourly rate was $350. It was on November 5, 2007 that the court granted summary judgment dismissing the surveillance claim and the training claim. Finally, plaintiffs' attorney

3

states that he worked 40.8 hours during the rest of the litigation, during which time his hourly rate was $350.

Plaintiffs concede that they are not entitled to recover for all of the time spent on the case prior to November 5, 2007, and propose that these hours be discounted by 50%. However, they assert that they are entitled to recover for 100% of the 84 hours spent after November 5, 2007.

In dollar terms, the claim is for $6,120 for the period July 11, 1999 until May 31, 2002; $82,022 for the period June 1, 2002 until November 5, 2007; and $29,400 for the period after November 5, 2007. The total is $117,542.

Plaintiffs are claiming a few thousand dollars in fees for paralegal work. When the appropriate discounts are applied, the amount is quite small. In any event, the work was clerical, and the court will not include it in the fee award.

## Discussion

A party who succeeds in establishing a constitutional violation in an action pursuant to 42 U.S.C. § 1983 is permitted by statute to recover reasonable attorney's fees and litigation costs. The Civil Rights Attorney's Fees Awards Act of 1976, 42 U.S.C. § 1988(b), provides in relevant part:

> In any action or proceeding to enforce a provision of sections 1981, 1981a, 1982, 1983, 1985, and 1986 of this title . . . , the court, in its discretion, may allow the prevailing party,

4

> other than the United States, a reasonable attorney's fee as part of the costs.

In order to qualify for attorney's fees under § 1988, a plaintiff must be a "prevailing party," which means he must have obtained "at least some relief on the merits" of his claim. Farrar v. Hobby, 506 U.S. 103, 111 (1992).

In the present case, the award of damages was $337 to one plaintiff, and there were nominal damages as to the other two plaintiffs. Defendant contends that, under these circumstances, there should either be no award of an attorney's fee or an award of only a small fraction of what plaintiffs are claiming. The court disagrees. It has been recognized that, even where there are nominal damages or very small damages, a substantial award of an attorney's fee is justified where the plaintiff has prevailed on a significant legal issue and where the victory serves a public goal. See id. at 121-22 (O'Connor, J. concurring); Adams v. Rivera, 13 F. Supp. 2d 550, 552 (S.D.N.Y. 1998) (collecting cases).

Here, there is no doubt about the fact that significant First Amendment rights were vindicated and that the public interest was served in having a judicial declaration regarding the existence of those rights on a campus and the violation of those rights.

In the view of the court, a fee award of $117,542 is entirely reasonable. The 338.75 hours expended by plaintiffs' attorney represent work over the course of a decade. The work involved the preparation of pleadings, motion practice, discovery, trial, and post-trial briefing. The

5

above number of hours is the resulting amount of time after a substantial and fair discount for work on the unsuccessful claims in the case. The court finds that the amount of time and the dollar amount are entirely reasonable. In terms of modern-litigation costs, this is indeed a modest fee.

Defendant contends that plaintiffs' attorney used "block billing" in his time entries, so that particular kinds of work cannot be exactly matched with particular amounts of time. Indeed, the courts have recognized that where block billing might lead to an exaggeration of time upon which a fee award is based, there should be a discount. However, in this case, a discount for block billing is not justified. Any problem presented by this kind of billing has been more than adequately addressed in the substantial discounting which has been made for the unsuccessful claims.

### Fee Application

A prevailing party is entitled to reimbursement for "time reasonably spent in preparing and defending an application for § 1988 fees." Weyant v. Okst, 198 F.3d 311, 316 (2d Cir. 1999).

Plaintiffs' attorney asserts that he has spent 102.3 hours preparing the brief supporting the fee application, together with supporting declarations and exhibits. He further states that he spent 31.4 hours in connection with a reply brief.

6

Plaintiffs request a fee award of $52,685 for preparing the fee application. At the attorney's hourly rate of $350, the attorney portion is $46,795. The rest is for paralegal work.

Again, the court believes that the paralegal work was basically clerical, and will not include that work in the calculation of this fee award. Moreover, the $46,795 for attorney work would seem excessive. This amount is 40% of what is being awarded for legal work occurring over the ten years of litigation, as described above. The court believes an award of $20,000 is reasonable and sufficient with respect to the fee application.

## Conclusion

The court awards $137,542 for attorney's fees plus $3,449 for costs, or a total of $149,991.

Dated: New York, New York
       February 22, 2010

SO ORDERED

*Thomas P. Griesa* (signature)

Thomas P. Griesa
U.S.D.J.